*950 OPINION.
'MoReis:
At this stage of the proceeding, two issues having been placed in abeyance under Rule 62 of the Board, we are concerned solely with the petitioner’s contention that it is entitled to and should have been classified as a personal service corporation.
*951 Section 200 of the Revenue Act of 1918, in so far as applicable, provides:
That when used in this title—
*******
The term “ personal service corporation ” means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor; * ⅜ *
The petitioner contends that 96.8 per cent of its outstanding capital stock was owned by stockholders who were regularly engaged in the active conduct of its aifairs during the years in controversy and it includes the following in its determination:
[[Image here]]
In fact, the only stockholders which it does not contend were so engaged are S. G. Taylor, S. F. Swayne, Francis E. Fitch, Inc., and E. A. Mayriss, owning in the aggregate the remaining 3.20 per cent of its capital stock.
We have found as a fact that Samuel Taylor, deceased, one of its principal stockholders (to the extent of 64.75 per cent), M. J. Keys, W. D. Eyre, and H. A. Fitzgerald, owning in the aggregate 68.30 per cent of the capital stock, devoted their entire time to and were actively engaged in the conduct of the petitioner’s business, but we disagree with the petitioner as to the remainder of its classification because, in the first place, with the exception of Cornelia Fitch, they were not “ principal ” stockholders and, furthermore, they failed to meet other requirements of the statute.
With respect to Cornelia K. Fitch, a stockholder to the extent of 25 per cent, we have found as a fact that she was a woman between 60 and 65 years of age and, that although a director during the years in question, she was not an officer nor did she hold any position of employment with the petitioner and she received no compensation therefrom.
That she was a principal stockholder is clear; see Robisohon & Peckham Co., 11 B. T. A. 483, wherein we held that a 20.8 per cent owner of stock was a “ principal ” stockholder, but she was not regularly engaged in the active conduct of the affairs of the corporation *952 within the meaning of the statute — certainly not in the sense that any portion of its income might be ascribed to her activities. Her activities, if such they may be termed, amounted to nothing more, so far as the record shows, than those of any other stockholder who might own a 25 per cent interest in a business.
American Lawyers Co., 21 B. T. A. 370, relied upon by the petitioner, is distinguishable from the instant case upon the facts.
We are, therefore, of the opinion that the petitioner fails to satisfy the requirements of the statute for classification as a personal service corporation, and we need not discuss the question of whether capital is a material income-producing factor. Brady Theatre Co. v. Commissioner, 42 Fed. (2d) 181.
Reviewed by the Board.

Decision will he entered wider Bwle 62 (c).